## Mary B. Shaw *vs.* City of Charlestown.

On the hearing before a jury of a petition for the assessment of damages sustained by the taking of land for a highway, an expert in the value of land, who testifies that the laying out of the street was a benefit to the estate of the petitioner, may be asked by the respondents how much, in his opinion, it benefited the estate; how much more per foot the remaining land would be worth in consequence of such laying out; and what would be the difference per foot between the value of the land on the street, as laid out, sixty feet wide, and the value of the same land on a street forty feet wide as proposed on a plan shown to the jury by the petitioner.

Petition to the county commissioners for a jury to estimate the damages sustained by the petitioner by the taking of her land to extend Medford Street in Charlestown. A jury was accordingly summoned from the city of Cambridge and the towns of Somerville and Malden; and a trial had before the sheriff, who made the following certificate of his rulings ·

" At the hearing, the petitioner's witnesses, who were experts, having testified, without objection, as to what in their opinion was the value of the premises, in gross, per foot, before the street was laid out through them; and that the remaining land was not worth any more per foot after the street was laid out; the respondents offered a witness, who was admitted by the petitioner to be an expert in the value of land in Charlestown, and who testified that in his opinion the laying out of said street was a benefit to the petitioner's land. The question was then asked of him, ' How much, in your opinion, did it benefit the estate ? ' This question was objected to, and I sustained the objection. The question was then asked of the witness, ' How much more per foot would the remaining land be worth in consequence of the laying out of the street ? ' This was objected to, and the objection sustained. The witness having testified, that in his opinion land was worth more on a wide, than on a narrow street, the question was put to him, ' What would be the difference per foot of the value of the land in question on Medford Street sixty feet wide, as laid out by the city, and the value of the same land on a street forty feet wide, as proposed on a plan offered to the jury by the petitioner ? ' This question was objected to, and the objection was sustained. And to these rulings the respondents except."

The verdict, which was for the petitioner in the sum of $1,600, was set aside by the court of common pleas; and the petitioner appealed to this court.

This case was argued in writing since the last term.

*G. P. Sanger*, for the respondents. The jury, in assessing the petitioner's damages, must ascertain the value of the land taken, and the injury or benefit to the remaining land of the petitioner. Rev. Sts. *c.* 24, § 31. Jurors cannot be presumed to know the value of lands, even in their own town, much less in other towns; and the jurors in this case were taken from adjoining towns, as required by the Rev. Sts. *c.* 24, § 19. Some evidence of the value of the land taken is therefore necessary. And the opinion of persons, acquainted with the value of the land is a usual and proper, if not the only mode of proof, when

no evidence of actual sales is to be had. *Vandine* v. *Burpee*, 13 Met. 288, and cases cited. The same reason, which admits such testimony to the value of land taken, extends to the elements of such value, including the amount of benefit to the adjoining land, and the comparative value of land on wide and narrow streets. The object of the inquiries was to furnish evidence of the particulars necessary to be known by the jury in order to determine the question of damages.

*M. G. Cobb*, for the petitioner. The witness might properly have been asked wherein the remaining land was benefited. But all the questions asked were inquiries as to the amount, in dollars and cents, of the benefit which, in the opinion of the witness, the petitioner had received by the laying out of the street; and the answer involved no peculiar skill, which required the opinion of an expert. The issue between the parties was as to the amount of indemnity; and this, when not capable of being reached by computation, is always to be determined by the jury. *Norman* v. *Wells*, 17 Wend. 161. *Harger* v. *Edmonds* 4 Barb. 259. *Giles* v. *O'Toole*, 4 Barb. 261. *Robertson* v. *Stark*, 15 N. H. 109. 1 Greenl. Ev. § 440. 1 Smith's Lead. Cas. 286. Besides; this witness was an expert only in the value of land in Charlestown; and not in dividing it into lots for building or for the market, which requires peculiar skill; and the witness, not being shown to be an expert in the matter inquired of, should not have been allowed to give his opinion. *Lincoln* v. *Barre*, 5 Cush. 591.

DEWEY, J. It has now become the well settled law of this commonwealth, that the value of property, real or personal, when in controversy, may be proved by the testimony of witnesses personally acquainted with the subject, and who are sufficiently familiar with it to give an opinion of its value. This was so held, and the reasons therefor stated, in the cases of *Vandine* v. *Burpee*, 13 Met. 291, *Wyman* v. *Lexington & West Cambridge Railroad*, 13 Met. 326, 327, and *Walker* v. *Boston*, 8 Cush. 279.

The application of this rule of evidence would clearly render competent the question proposed to the witness, "How much

more per foot would the remaining land be worth in consequence of the laying out of the street?" This question being answered, the answer would seem to supersede the necessity of the earlier proposed question, "How much, in your opinion, did it benefit the estate?" as the answer to it would furnish all the facts necessary to enable the jury to find how much the laying out of the road had benefited the remaining land. This would avoid putting a question that apparently goes to state results which are to be found by the jury. But had this latter question been put in connection with the other, as the answer would, as we understand the inquiry, have been merely the result of a computation of figures derived from the answer to the inquiry of "How much more per foot the remaining land would be worth in consequence of the laying out of the street?" its admission might not have been deemed a sufficient objection to invalidate a verdict.

The further inquiry, proposed and rejected, was as to the difference in value per foot of the land in question, if it was bounded by a sixty feet street as laid out by the city of Charlestown, instead of on a forty feet street as delineated on a plan exhibited to the jury by the petitioner. This, we think, was admissible as a question of value of the land, upon the grounds already stated. Nor is the objection taken to this latter question, that the witness, although fully acquainted with the value of land, was not equally conversant with the business of locating lots, streets, &c. a valid objection to the competency of the evidence, but, if of any avail, should have been urged to the jury in considering the weight of his testimony and the effect to be given to it.

*Judgment of the court of common pleas, setting aside the verdict, affirmed.*

A new trial was accordingly had before the sheriff, and resulted in a verdict of $700 for the petitioner.